UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| HELEN F. RYFA, | : |
| | : Civ. A. No. 10-602 (NLH)(AMD) |
| Plaintiff, | : |
| | : |
| v. | : |
| | : **OPINION** |
| STATE OF DELAWARE, et al., | : |
| | : |
| Defendants. | : |

APPEARANCES:

Helen F. Ryfa
307 E. Silver Fox Road
Newark, DE 19702
    Appearing *pro se*

Catherine T. Hickey
Department of Justice
102 West Water Street
Dover, DE 19904
    On behalf of the State of Delaware

James H. McMackin III
Allyson Britton DiRocco
David H. Williams
Morris James LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
    On behalf of other defendants

**HILLMAN, District Judge**

　　Plaintiff, Helen F. Ryfa, claims that defendants--the State of Delaware, the Christiana School District, and several individual employees of the school district--violated her civil rights under several federal statutes, such as the Civil Rights Act, American with Disabilities Act, and the Equal Opportunity

Act, and other various state laws.  Plaintiff alleges she was retaliated against, faced a hostile environment, and was unlawfully terminated from her teaching position with the Delaware Autism Program in the Christiana School District. Plaintiff seeks money damages for her injuries, as well as to enjoin the school district from committing any more discriminatory actions.

Presently before the Court is the motion of the State of Delaware to dismiss plaintiff's case against it for improper service and other substantive deficiencies.[1]  Plaintiff has not opposed the State's motion.  For the reasons expressed below, the State's motion will be granted.

## DISCUSSION

**A.     Jurisdiction**

Plaintiff has brought her claims pursuant to 42 U.S.C. § 1983, as well as other federal statutes and state laws.  This Court has jurisdiction over plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367.

**B.     Motion to Dismiss Standard**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to

---

[1] The other defendants have filed their answer to plaintiff's complaint, and they take no position on the State's motion. (See Docket No. 19, 20.)

Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' .

. . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950). Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). A complaint must do more than allege the plaintiff's entitlement to relief. Id.; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").

A court need not credit either "bald assertions" or "legal

conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

**C. Analysis**

In her complaint, plaintiff claims that certain supervisors and fellow teachers in the Delaware Autism Program, which is a program provided by the Christiana School District, discriminated and retaliated against her because of her disability and protected activity. Plaintiff has lodged her claims against the school district and individuals employed by the school district. Plaintiff has also filed suit against the State of Delaware, which has moved to dismiss plaintiff's claims against it on several bases, including improper service, sovereign immunity, and lack of any cognizable claims against it. Plaintiff has not opposed the State's motion.[2]

Plaintiff's claims against the State of Delaware must be

---

[2] When the State electronically filed its motion on June 1, 2011, the State mailed plaintiff a copy via U.S. Mail. The Clerk's office also mailed plaintiff a copy. Plaintiff never filed a response or otherwise contacted the Court. Two months later, on August 12, 2011, the State mailed to plaintiff another copy of its motion. As of the date of this Opinion, plaintiff has not filed her opposition and she has not contacted the Court.

dismissed for all the reasons articulated by the State in its motion. As a primary matter, plaintiff's claims against the State are in violation of Federal Civil Procedure Rule 8(a). Under the liberal federal pleading rules, the pleadings are required to give a defendant fair notice of what a plaintiff's claims are and the grounds upon which they rest. Baldwin County Welcome Ctr., 466 U.S. at 149-50 n.3. Although plaintiff's complaint generally claims that the State violated her various rights, she does not allege how the State was involved in her employment with the school district or how it participated in the resulting alleged discrimination and retaliation.

The State is a distinct entity from the school district, which is governed by the school board. See 14 Del. C. § 1043.[3] Plaintiff has not alleged any facts that tie the school district's alleged actions to the State.[4] Even though pro se complaints are to be construed liberally, Estelle v. Gamble, 429 U.S. 97, 107 (1976), pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from

---

[3] 14 Del. C. § 1043 provides, "In each reorganized school district there shall be a school board which shall have the authority to administer and to supervise the free public schools of the reorganized school district and which shall have the authority to determine policy and adopt rules and regulations for the general administration and supervision of the free public schools of the reorganized school district."

[4] Plaintiff has not filed suit against the school board that governs the Christiana School District.

conforming to the standard rules of civil procedure." McNeil v. United States, 508 U.S. 106, 113 (1993). Plaintiff has failed to meet this basic element. Consequently, plaintiff's complaint against the State may be dismissed on this basis alone.

Even if plaintiff were permitted to amend her complaint to specify the claims against the State, it would be futile.[5] In addition to her pleading deficiencies, plaintiff's claims against the State fail substantively for several other reasons: (1) plaintiff has not properly served the State, see Fed. R. Civ. P. 4(j); 10 Del. C. § 3103(c) ("No service of summons upon the State . . . shall be complete until such service is made upon the person of the Attorney General or upon the person of the State Solicitor or upon the person of the Chief Deputy Attorney General."); (2) the State is immune from suit, see Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989) (stating that § 1983 "provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity"); Quern v.

---

[5]See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (stating that Third Circuit case law "supports the notion that in civil rights cases district courts must offer amendment--irrespective of whether it is requested--when dismissing a case for failure to state a claim unless doing so would be inequitable or futile").

Jordan, 440 U.S. 332, 342 (1979) (reaffirming "that a suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment"); Employees of Dept. of Public Health & Welfare v. Dept. of Public Health & Welfare, 411 U.S. 279, 280 (1973) (stating that even though the text of the Eleventh Amendment expressly bars suits in federal court against states by citizens of other states and foreign states, the Amendment has been broadly interpreted to provide immunity to an unconsenting state for "suits brought in federal courts by her own citizens as well"); (3) the State is not a "person" within the meaning of § 1983, see Will, 491 U.S. at 66, 71; (4) the State was not plaintiff's employer, see 14 Del. C. § 1043; (5) for any requested injunctive relief, the Ex Parte Young doctrine is inapplicable, see Ex Parte Young, 209 U.S. 123 (1908) (explaining that the judicial doctrine of Ex Parte Young allows suits against states in federal court seeking prospective injunctive relief to proceed only against state officials acting in the official capacities, but the doctrine does not apply when a suit is ultimately asking a federal court to direct a state official on how to operate under state law); and (6) no causes of action exist under the other state and federal regulations and executive orders pleaded in her complaint.

**CONCLUSION**

Consequently, because plaintiff's complaint against the State of Delaware contains incurable substantive deficiencies, plaintiff's claims against the State must be dismissed without leave to amend. An appropriate Order will be entered.


Date: February 7, 2012                      s/ Noel L. Hillman
                                            NOEL L. HILLMAN, U.S.D.J.
At Camden, New Jersey